ROYDEL LLOYD HOWE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howe v. Commissioner
Docket No. 12908-81.
United States Tax Court
T.C. Memo 1982-631; 1982 Tax Ct. Memo LEXIS 117; 44 T.C.M. (CCH) 1548; T.C.M. (RIA) 82631; October 27, 1982. Roydel L. Howe, pro se. Alice A. Fitzpatrick, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL *118 JUDGE TANSILL, Special Trial Judge: Respondent determined a deficiency of $901 in petitioner's Federal income tax for the taxable year 1977 and an addition to tax of $45.05 for negligence under section 6653(a). The three issues presented for our decision are: (1) the deduction of a $1,070 fee paid to an employment agency; (2) the deduction of a $1,120 education expense; and (3) an addition to tax of $45.05 under section 6653(a). Some of the facts are stipulated and are found accordingly. Roydel Howe (petitioner) resided at 169-04 88th Avenue, apartment 1-J, Jamaica, New York, 11432, at the time he filed his petition in this case. In 1977, he resided at 159-48 Harlem River Drive, apartment 5-D, New York, New York, 10039. Petitioner's 1977 individual Federal income tax return showed a filing status of "married filing separately." That return reflected one dependent child residing with petitioner and that his occupation was a data processing clerk. The statutory notice of deficiency dated April 9, 1981, made adjustments to petitioner's separate 1977 return relating to income from wages, interest income, disability exclusion, deduction for employment agency fee, deductions *119 for education expense, and child care credit. With respect to these adjustments, petitioner stipulated that in 1977 he received additional income from wages of $858 as evidence of which he had attached a Form W-2 for that amount to his return, but he omitted that amount when calculating his gross income. Petitioner also stipulated that he received interest income of $28 in 1977, that he is not entitled to claim a disability income exclusion of $300, and that he is not entitled to claim a child care credit of $312. Among the miscellaneous deductions claimed on Schedule A of his income tax return is a deduction for "employment agency - $1,070." Upon audit, and subsequently thereto, petitioner provided no documentation to support this deduction. He was unable or unwilling to supply the name and address of the employment agency. Also among miscellaneous deductions is one for "courses and seminars, attendance for data processing - $1,120." Again, petitioner has failed or refused at audit and subsequently to provide any documentation to support this deduction. Petitioner was born in Jamaica, West Indies, which may explain some of his difficulties with respect to the administrative *120 processing and procedures in connection with the audit of his Federal income tax return. For example, he felt aggrieved because the respondent had issued a notice of deficiency, despite the fact that petitioner had more than a year before the issuance of the notice written to the District Director requesting that the audit of his 1977 return be "closed." It is basically because the respondent refused that request and issued the notice that petitioner is here in Court complaining of his treatment. After having signed a Stipulation of Facts, petitioner requested the Court to disregard the stipulation in its entirety except for his name, address and tax return for the taxable year.Such a request, of course, cannot be countenanced under the instant circumstances. Rule 91(e), Tax Court Rules of Practice and Procedure.
With respect to the claimed education expenses the petitioner's testimony was fragmentary and basically unsatisfactory. It amounted to the fact that he recalls taking certain courses and attending certain seminars at NYU to improve his abilities as a computer operator, specializing in accounting matters. However, the names of the courses, their costs and the subjects *121 covered are not available or included in this record. Under such circumstances petitioner has failed to carry his burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. Therefore, we sustain respondent's determination on this issue. Essentially, the same situation exists with respect to a deduction for claimed employment agency fees in the amount of $1,070. Despite requests from the Court during trial for production of any evidence relating to these expenses, as well as requests before trial and during audit by the Internal Revenue Service, petitioner did not remember the names and addresses of the agencies in question. There is some indication that his reluctance to approach those agencies for information was because he has subsequently been discharged from his employment. Whatever the explanation, the record here contains nothing upon which this Court can act with any degree of assurance. We must, therefore, deny petitioner any deduction for the employment agency fees. The final adjustment relates to the addition to tax for negligence based upon inadequate records. The petitioner's testimony showed a disregard for the record keeping requirements of *122 the Internal Revenue Code.As previously indicated, there is some reason to suppose that part of petitioner's problem arises from lack of sophistication with respect to Federal tax procedures. That, however, does not suffice to excuse his failure to retain even the most basic records. Therefore, respondent's determination is sustained on this issue. To reflect the conceded adjustments and our conclusions on the controverted issues, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.